UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TERRY PERKINS,
     Petitioner

                                 PRISONER
     V.                    Case No.  3:11CV870(DJS)

STATE OF CONNECTICUT,
     Respondent

### RULING ON PENDING MOTIONS

The petitioner is currently confined at the Federal Prison Camp - Canaan in Waymart, Pennsylvania. He has filed a motion to expunge his 1990 conviction for conspiracy to sell hallucinogenic drugs in violation of Conn. Gen. Stat. § 21a-277(a). The Court has liberally construed the motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] ("section 2254") challenging the 1990 state court conviction. The petitioner has filed a motion for summary judgment and the respondent has moved to dismiss the petition. For the reasons set forth below, the motion for summary judgment is denied and the motion to dismiss is granted.

## I.  Background

In July 1989, police officers arrested the petitioner and charged him with one count of conspiracy to sell hallucinogenic

---

[1]"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

drugs in violation of Conn. Gen. Stat. § 21a-277.  On July 31, 1989, a judge in the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport appointed a public defender to represent the petitioner and the petitioner pleaded not guilty to the narcotics charge.  On August 14, 1989, a judge revoked the appointment of the first public defender.  On August 28, 1989, a judge appointed a second public defender to represent the petitioner.  On September 11, 1989, a judge granted the public defender's motion to withdraw as counsel for the petitioner.  It is not apparent that the judge appointed successor counsel.  (*See* Doc. No. 1 at 2-3.)

The petitioner alleges that at some point in December 1989 or January 1990, the State's Attorney visited him in prison, offered him an *Alford* plea[2] and informed him that he would not have to serve a long sentence.  On February 6, 1990, the petitioner, who was unrepresented, entered a guilty plea under the *Alford* doctrine.  The court accepted the plea as having been made voluntarily.  In April 1990, the judge sentenced the petitioner to a seven year term of imprisonment, execution

---

[2]  A defendant entering a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) "voluntarily, knowingly, and understandingly consent[s] to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."  *Id.* at 37.  Thus, the *Alford* doctrine permits the trial court to accept a guilty plea from a defendant who maintains his innocence where the court finds that there is a strong factual basis to support the crime charged.  *See id.* at 38.

suspended after three years, and followed by three years of supervised release.  The petitioner did not appeal the conviction.  (*See id.* at 3-4)

In November 1997, federal law enforcement officers arrested petitioner in Bridgeport, Connecticut on drug charges.  *See U.S. v. Perkins*, Case No. 3:97cr221(EBB).  In March 1998, the petitioner pleaded guilty to one count of possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).

On March 23, 1998, the United States Attorney's Office filed an information charging the petitioner with possession of a firearm by a convicted felon.  *See U.S. v. Perkins*, Case No. 3:98cr45(EBB).  On March 23, 1998, the petitioner pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

On March 14, 2000, Judge Burns presided over sentencing proceedings in both criminal matters.  In *U.S. v. Perkins*, Case No. 3:97cr221(EBB), Judge Burns sentenced the petitioner to a term of 240 months of imprisonment, followed by three years of supervised release on the charge of possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).  In *U.S. v. Perkins*, Case No. 3:98cr45(EBB), Judge Burns sentenced the petitioner to a term of 120 months of imprisonment to be followed by three years of supervised release

on the charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  Both sentences were to be served concurrently to each other.

On March 20, 2000, the petitioner appealed the narcotics conviction and sentence entered in *U.S. v. Perkins*, Case No. 3:97cr221(EBB).  In October 2000, the Second Circuit Court of Appeals issued a Mandate affirming the judgment of conviction. (*See id.*, Doc. No. 44.)

On July 9, 2001, the petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255[3] ("section 2255"), which was denied by the Court on its merits on September 6, 2002. (*See id.*, Doc. Nos. 46, 52).  That motion did not raise the claim that the petitioner's federal sentence was unconstitutionally enhanced because it was based on a state court conviction that was obtained in violation of his right to counsel. The petitioner filed a second section 2255 motion in 2006. That motion, which also did not raise the claim that the petitioner's state court conviction was obtained in violation of his right to counsel, was transferred to the Second Circuit pursuant to section 2255(h)[4].

_____

[3]"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

[4]"A second or successive motion must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court

On September 25, 2006, the Second Circuit denied the application to file a second section 2255 motion, since it did not satisfy the criteria for a second or successive motion specified in 28 U.S.C. § 2255. *See U.S. v. Perkins*, Case No. 3:06cv80(EBB)(Doc. Nos. 1, 4).

On October 22, 2007, the petitioner filed a third motion pursuant to section 2255. In that motion, the petitioner argued that his state court conviction, which served as the basis of the enhancement of his federal sentence, was unconstitutional because he did not have an attorney at the time of his plea and sentencing. On December 11, 2007, the Second Circuit denied the petitioner's application for an order authorizing the district court to consider a successive section 2255 motion because the petitioner had not satisfied the criteria set forth in 28 U.S.C. § 2255. *See Perkins v. U.S.*, Case No. 3:07cv1554 (EBB) (Doc. No. 6).

In January 2007, the petitioner filed a petition for writ of habeas corpus in state court challenging his 1990 conviction for conspiracy to sell hallucinogenic drugs. *See Perkins v. Warden, State Prison*, Docket No. CV07-4001528-S (Conn. Super. Ct. Jan.

---

of appeals to contain - - (1)newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

19, 2007).  On February 8, 2007, a Connecticut Superior Court judge declined the petition pursuant to Connecticut Practice Section 23-24[5].  The petitioner did not appeal the order of the court declining the habeas petition.

In April 2007, the petitioner filed a petition for writ of *error coram nobis* in the Connecticut Supreme Court challenging his 1990 *Alford* plea to one count of conspiracy to sell hallucinogenic drugs on the ground that it was made without the assistance of counsel and his waiver of counsel was not knowing, intelligent or voluntary.  The petitioner noted that the 1990 conviction had been used to enhance his federal sentence. The petition was subsequently transferred to the Connecticut Appellate Court. On July 25, 2007, the Connecticut Appellate Court granted the respondent's motion to dismiss the petition for writ of *error coram nobis*.  On September 26, 2007, the Connecticut Supreme Court denied a petition for certification to appeal from the decision of the Connecticut Appellate Court. *See State v. Perkins*, 284 Conn. 921 (2007).

The petitioner claims that his 1990 state court conviction and sentence are unconstitutional because he was unrepresented at

---

[5]"The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that: (1) the court lacks jurisdiction; (2) the petition is wholly frivolous on its face; or (3) the relief sought is not available." Conn. P.B. Sec. 23-24(a).

the time he entered the *Alford* plea and did not waive his Sixth Amendment right to counsel.  The petitioner asserts that the Connecticut Superior Court lacked jurisdiction to convict him because the judge did not appoint an attorney to represent him at the plea hearing.

## II.  Discussion

The petitioner has moved for summary judgment on the ground that the respondent failed to timely respond to the petition for writ of habeas corpus.  The respondent has moved to dismiss the petition on the grounds that the petitioner is no longer in custody pursuant to the 1990 state court conviction and that the petition is untimely.

### A.  Motion for Summary Judgment (Doc. No. 11)

The petitioner asserts that the respondent was to have filed a response to the habeas petition on or before August 31, 2011. The respondent sought an extension of time, *nunc pro tunc*, to October 17, 2011, to respond to the petition.  The court granted the motion on September 28, 2011.  The respondent sought a second extension of time, *nunc pro tunc*, to December 7, 2011, to respond to the petition.  The court granted the motion on February 15, 2012.  The respondent filed its motion to dismiss the petition on December 7, 2011.  Thus, the respondent is not in default.[6]

---

[6] Even if the respondent had not moved for extensions of time *nunc pro tunc*, the Second Circuit has expressed its preference that cases be decided on the merits.  *See, e.g., Enron*

The petitioner argues that he is entitled to summary judgment because the respondent did not timely respond to the habeas petition.  Because the court granted the respondent's motions seeking extensions of time, *nunc pro tunc,* to respond to the habeas petition, the respondent is not in default.  The motion for summary judgment is denied.

**B.   Motion to Dismiss (Doc. No. 14)**

The respondent argues that the petition should be dismissed because the petitioner is no longer in custody as to the state conviction and sentence he seeks to challenge.  The respondent also argues that the petition is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

A federal court may not entertain a habeas petition challenging a state conviction unless the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It is the petitioner's burden to demonstrate that he or she is in custody pursuant to a state court judgment.  *See Lackawanna County District Attorney v. Cross*, 532 U.S. 394, 401 (2001).  The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the

---

*Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  District courts should use default to dispose of cases in very limited situations.  *See Jackson v. City of New York*, 22 F.3d 71, 75 (2d Cir. 1994).

-8-

time his petition is filed," *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack. *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995).

The petitioner asserts that he is challenging his 1990 Connecticut conviction for conspiracy to sell hallucinogenic drugs. The petitioner received a sentence of seven years, execution suspended after three years, and followed by three years of supervised release. Petitioner concedes that he has already served his 1990 sentence. Thus, the petitioner is no longer in custody pursuant to that sentence and the court lacks jurisdiction to entertain this action under section 2254. *See Maleng*, 490 U.S. at 490 ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are *in custody* . . . under the conviction or sentence under attack. . . .").

In a prior federal action filed pursuant to 28 U.S.C. § 2241[7] ("section 2241"), the petitioner acknowledged that "he cannot challenge [his 1990] state court conviction under § 2254, since he is no longer in custody for that violation." *Perkins v. Holt*, 410 F. App'x 422, 423 (3d Cir. 2010). In that action, the Third Circuit noted that "[a] federal prisoner challenging his

---

[7]"Writs of habeas corpus may be granted by the . . . district courts . . . ." 28 U.S.C. § 2241(a).

conviction can seek relief under section 2241 only if the remedy provided by section 2255 [which is the presumptive means for a federal prisoner to challenge the validity of his conviction or sentence] is inadequate or ineffective to test the legality of his detention." *Id.* That Court concluded that "Perkins' situation is not the rare one rendering section 2255 inadequate or ineffective . . . [and that] Perkins raises arguments concerning his sentence [i.e., that his federal sentence was unconstitutionally enhanced on the basis of an uncounseled state court conviction] that could have been raised at his federal sentencing proceeding, on direct appeal, or in his § 2255 motion. That Perkins has already unsuccessfully pursued a section 2255 motion in the sentencing court and now faces a statutory bar to filing another one does not show the inadequacy of that remedy." *Id.* Thus the petitioner is foreclosed from challenging his 1990 state conviction under section 2241 as well as under section 2254.

In a footnote on page five of his petition, as well as in his response to the motion to dismiss, the petitioner contends that he can still challenge the allegedly unconstitutional 1990 state conviction because it was used to enhance his current federal drug conviction and sentence. (*See* Doc. No. 1 at 5 and Doc. No. 19.)  The petitioner suggests that the court should construe the present petition as a challenge to his current

federal narcotics conviction as enhanced by the 1990 state court conviction.

As previously noted, section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence . . . ." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). In certain instances, a court may construe a post-conviction motion brought under another rule or motion as a motion brought under section 2255. *See id.* at 148; *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998). "But where, as in this case, the . . . option [of construing a motion as a section 2255 motion and transferring it to the Court of Appeals for a determination whether to allow a successive motion] is not available because [the Court of Appeals] has already denied petitioner leave to file a successive § 2255 motion based on the same claims now raised in a § 2241 [or § 2254] petition, then, upon concluding that it is without jurisdiction to hear the claims pursuant to § 2241 [or § 2254], the district court should simply dismiss the petition." *Cephas v. Nash*, 328 F.3d 98, 104 n. 5 (2d Cir. 2003).

As indicated above, the petitioner was charged in two separate cases with violations of federal criminal law.  The docket sheet of petitioner's federal criminal conviction for possession with intent to distribute and distribution of cocaine base reflects that petitioner filed a prior section 2255 motion

to vacate or set aside his conviction and sentence in July 2001. *See U.S. v. Perkins*, Case No. 3:97cr221 (EBB) (Doc. No. 46.)  On September 6, 2002, the Court denied the motion on the merits. *See id.* (Doc. No. 52.)  On June 23, 2003, the Second Circuit dismissed the appeal of the Court's ruling and affirmed the conviction and sentence.  *See id.* (Doc. No. 66.) A second section 2255 motion was not authorized by the Second Circuit because the petitioner had not satisfied the criteria specified in 28 U.S.C. § 2255 for certification of a second or successive section 2255 motion. See *U.S. v. Perkins*, Case No. 3:06cv80(EBB)(Doc. No. 4.)

In a third section 2255 motion, filed on October 22, 2007, the petitioner raised the same claims as are asserted in the present petition. *See Perkins v. U.S.*, Case No. 3:07cv1554 (EBB) (Doc. No. 1.) On December 11, 2007, the Second Circuit denied the petitioner's application for an order authorizing the district court to consider the third section 2255 motion because the petitioner had not satisfied the criteria set forth in 28 U.S.C. § 2255. *See id.* (Doc. No. 6.)

Because the Second Circuit "has already denied petitioner leave to file a successive § 2255 motion based on the same claims now raised in a § 2241 [or § 2254] petition," and because this Court has "conclud[ed] that it is without jurisdiction to hear the claims pursuant to § 2241 [or § 2254]," this Court "should simply dismiss the petition." *Cephas*, 328 F.3d at 104 n.5.

In addition, to the extent that the petitioner is also challenging his federal conviction for possession of a firearm by a felon, the Court notes that a section 2255 motion addressed to the gun possession conviction is currently pending in this Court. *See Perkins v. United States*, Case No. 3:12cv956(EBB).

Accordingly, the motion to dismiss the petition on the ground that the petitioner is no longer in custody pursuant to the 1990 state court conviction is granted[8]. The court will not construe the present petition as a section 2255 motion challenging petitioner's convictions for possession with intent to distribute and distribution of cocaine base and for possession of a firearm by a convicted felon as enhanced by the petitioner's allegedly illegal 1990 state court conviction.

## Conclusion

The Motion for Summary Judgment (**Doc. No. 11) is DENIED.** The Motion to Dismiss (**Doc. No. 14) is GRANTED.** Because the petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006) (denying a certificate of appealability because petitioner was no longer in custody in

---

[8]Since the Court finds it lacks jurisdiction over the petitioner's section 2254 motion because he was not "in custody" pursuant to the 1990 state conviction at the time he filed his motion, the Court does not find it necessary to address the respondent's argument that the motion was untimely.

connection with his challenged convictions at the time he filed his habeas corpus petition).  The Clerk is directed to enter judgment for the respondent and close this case.



        SO ORDERED this 12th day of September 2012, at Hartford, Connecticut.


                      _____/s/ DJS_____
                            Dominic J. Squatrito
                            United States District Judge